Curia, per
Nott, J.
It is said that when this cause was called, the complainant's solicitor moved for leave to dismiss his bill and to discontinue his suit, and that this motion was refused by the chancellor; and that it ought *to have been granted, and that tile counsel now claim the benefit of that motion; and further, that the defendants who had filed a cross bill for the settlement of the accounts, were permitted to withdraw their bill. Now, as a general rule, there can be no doubt that a complainant has a right to discontinue his suit, though it appears that where there has been a decree, which settles the claims of the parties, he is not permitted lo do so. The question then is, whether a reference to a commissioner is to be considered as such a decree. The case before us is calculated to illustrate the doctrine. The commissioner made a report to which the chancellor permitted exceptions to be filed, which are now brought before this court; but certainly the rights of the parties cannot be said to be decided on. If there is any foundation for these exceptions, the matters of account must again be admitted to the re-examination of the commissioner, and at all events his report may be altered by this court. There has been some preparation for trial, but certainly nothing which has been done is definitive. In 2 Madd. Cha. 389, it is said that a defendant cannot move to dismiss a bill after publication is completely past. But a plaintiff may in any stage of the cause apply to dismiss his bill upon payment of costs, even after an issue has been directed; but not after a decree. In the case of Carrington v. Holly, 1 Dicken’s Rep. 280, the same doctrine is laid down by Lord Chancellor Hardwicke. The plaintiff filed his bill to establish his rights to certain estates. Upon the hearing an issue was directed. The complainant, being advised that he had not made a case by the bill and the matter put in issue to support his claim, applied by motion, and obtained an order of course to dismiss his bill upon payment of costs. The defendant applied to discharge the order on account of irregularity, upon the ground that the cause having been regularly brought on to hearing, *the bill could not be dismissed but on solemn judgment. But, said the Lord Chancellor, there hath not been any determination. The directing an issue is merely to satisfy the conscience of the court preparatory to their giving judgment. Now what more is the reference to the master ? It is to adjust the accounts, so as to satisfy the conscience of the court. His lordship, in the case above referred to, said, had there been a decree it would have been otherwise ; for all parties were interested in a decree, and any party might take such steps as he might be advised, to have the effect of it. In Newland’s Practice, 74, the *580 cases are ail referred to, and the same view of the subject fully supported. In this case I think it would have been peculiarly proper to grant the motion; for the defendants having filed across bill they would not have been delayed had they thought proper to proceed. They may have obtained an order for reference and have prosecuted their suit. If one conscientiously believes himself entitled to the aid of a court of justice and makes his application and afterwards becomes convinced that he cannot support his claim, it is penalty enough to make him pay the costs. And if from malicious motive he bring another into court, he in his turn, is subjected to a suit for such misconduct. The court are therefore of opinion, that the motion made below by the complainant to dismiss his bill, should have been granted, and it is now ordered that he have leave to dismiss his bill on the payment of all the costs.

Decree set aside.